CYRUS KENNISTON *v.* THOMAS BARTLETT.

A mere unexecuted agreement between the maker and the holder of a negotiable note, that the holder should deliver up the note to the maker and that the latter should thereupon endorse its amount upon a larger demand due him from the former, is no extinguishment of the note.

ASSUMPSIT.   In a plea of the case for that one Clark G. Batchelder, at said Plymouth, on the 30th day of January, in the year of our Lord eighteen hundred and fifty-eight, by his promissory note of that date, for value received, promised the said defendant to pay him, or his order, thirty-seven dollars, on demand, with interest annually, and the said defendant then and there endorsed said note, waiving demand and notice, and delivered the same to said plaintiff, and in consideration thereof promised to pay the plaintiff said note according to the tenor thereof.   Yet, though requested, has never paid the same.

The note declared on was proved.

It appeared that the said Clark G. Batchelder had some dispute with one Kinsley H. Batchelder, and that they had a reference of all demands between them to two referees, who had a hearing December 31, 1860, and made an award in favor of said Clark G., at which hearing said Kinsley H. presented the note in suit against said Clark G. ; but the same was not then endorsed by said Bartlett, and was disallowed by the referees, upon the ground that it had not been transferred to said Kinsley H.   After said award was made and the parties had ascertained that this note was not allowed, said Clark G. agreed that if said Kinsley H. would get the said note endorsed by said Bartlett, and then deliver it up to him (said Clark G.) he would endorse the amount of the same upon said award, which was much larger than the amount of said note.   Said Kinsley H. agreed that he would get said note endorsed by said Bartlett, and would then deliver it to said Clark G., and would have it endorsed upon said award.   After this said Kinsley H. went to said Bartlett, and made an arrangement with him to endorse the note, waiving demand and notice, which he then did, and the amount of the note was allowed upon an account which said Kinsley H. had against said Bartlett.   Thereupon said Kinsley H. carried said note immediately to the plaintiff, and sold it to him, who bought it in good faith, and endorsed the amount of it on a note which the plaintiff then held against

said Kinsley H. without notice of the negotiations and arrangements between the two Batchelders in relation to the note.

Neither the amount of this note, nor any part thereof, was ever endorsed on said award.

The above facts being found, the court ruled, as matter of law, that the plaintiff was entitled to recover. To which ruling the defendant excepted, and the questions of law thus raised were reserved.

*Clark*, for the defendant.

*Burrows & Ela*, for the plaintiff.

BARTLETT, J.   As the agreement between Kinsley H. and Clark G. Batchelder was never executed, it did not amount to a payment or extinguishment of the note in suit. *Folsom* v. *Plumer*, 43 N. H. 471; *Carey* v. *Bancroft*, 14 Pick. 317; *Rochester* v. *Whitehouse*, 15 N. H. 473. The plaintiff cannot be estopped to deny the execution of that agreement, as he was in no way party to it or informed of it, nor indeed does the defendant appear to have been. The defendant's exception must therefore be overruled.